IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROCKLAND DEJERIO JOHNSON, )
)
Plaintiff, )
)
vs. ) Case No. 02-CV-439-E (J)
)
CORRECTIONS CORPORATION )
OF AMERICA, INC.; TULSA COUNTY; )
CITY OF TULSA; LINDA OLIVER; and )
TIM HARRIS; )
)
Defendants. )

F I L E
JUN 1 2 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## ORDER

On June 4, 2002, Plaintiff, a prisoner incarcerated at the David L. Moss Criminal Justice Center and appearing *pro se*, submitted for filing a civil rights complaint (Docket #1). Before this action may proceed, Plaintiff must cure multiple deficiencies identified below.

**A. Plaintiff is proceeding *pro se***

As a preliminary matter, the Court notes that Plaintiff's complaint bears the signature of Marque Larnell Greene as attorney for Plaintiff. Plaintiff is advised that under 28 U.S.C. § 1654, individuals may only appear in federal court *pro se* or through legal counsel. Mr. Greene has not entered an appearance as legal counsel in this case. Moreover, there is nothing in the record to indicate that he is qualified to do so. Non-party laypersons may not represent litigants. See United States v. Prince, 167 F.Supp.2d 1296, 1303 (D. Kan. 2001). Furthermore, even if Mr. Greene is a lawyer, he is subject to certain restrictions in entering an appearance in the Northern District of Oklahoma. Accordingly, Plaintiff, not Mr. Greene, retains legal responsibility for his case. See Herrera-Venegas v. Sanchez- Rivera, 681 F.2d 41, 42 (1st Cir.1982). Plaintiff is responsible for

prosecuting this matter in full compliance with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 11, and the Local Rules of this Court. In addition, because Plaintiff is not represented by an attorney in this matter, service of "all motions, responses and any other legal matter concerning this case" shall be accomplished by mailing materials related to this case to Plaintiff as required by Fed. R. Civ. P. 5(a) and (b).

**B. Plaintiff shall submit an amended complaint**

The complaint submitted by Plaintiff is deficient and is subject to dismissal in its present form. In the caption of his complaint, Plaintiff lists "C.C.A., Tim Harris, Tulsa County, City of Tulsa" as defendants but identifies only Linda Oliver and "C.C.A. staff" as defendants in the text of the complaint. In addition, Plaintiff fails to state how each named defendant allegedly violated his constitutional rights. He identifies only one claim, that "C.C.A. staff and employees not properly doing their job to be sure everyone is safe." He provides no supporting facts for his claim. In identifying the "nature of case," Plaintiff provides only vague and conclusory allegations of fact insufficient to withstand dismissal of the complaint. The Court also notes that Plaintiff has failed to identify the relief he seeks. Therefore, before this action may proceed, Plaintiff shall be required to submit an amended complaint.

Plaintiff's amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. The amended complaint must be on the court-approved form. See N.D. LR 9.3(A). All parties must be identified in the caption of the amended complaint. See Fed. R. Civ. P. 10(a). The defendants identified in the caption of the amended complaint must correspond to the defendants identified in the text of the amended complaint. Furthermore, Plaintiff must name as defendant(s) the individual(s) and/or the entity(ies) responsible for the alleged violation(s) of his civil

rights and state how the named defendant(s) allegedly violated his civil rights. Plaintiff must also identify appropriate relief in his amended complaint.

### C. Plaintiff has not paid the required filing fee

Plaintiff has not paid the $150 filing fee required to commence a civil action in this Court. 28 U.S.C. § 1914(a). Before this action may proceed, Plaintiff must either pay the full $150 filing fee or, should he lack sufficient funds to prepay the full filing fee, seek leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a)(2), a "prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." This information must be provided so that the Court can assess not only Plaintiff's ability to pay the filing fee but also his ability to pay an initial partial filing fee to be applied towards the filing fee should Plaintiff be allowed to proceed without prepayment of the full fee. See 28 U.S.C. § 1915(b). **Plaintiff is advised that even if he has insufficient funds to prepay the full $150.00 filing fee required to commence this action, he will nonetheless be responsible for full payment of the filing fee as mandated by 28 U.S.C. § 1915(b).**

Therefore, the Court finds that Plaintiff should be allowed thirty (30) days to either pay the full $150 filing fee or submit a motion for leave to proceed *in forma pauperis*, including the required accounting information, or show cause in writing for his failure to do so.

**D. If Plaintiff allowed to proceed *in forma pauperis*, service documents will be required**

Lastly, in the event Plaintiff is allowed to proceed *in forma pauperis* and the Court determines that the complaint should be served on any or all of the named defendants, Plaintiff must provide the required service documents. Plaintiff shall complete and submit one summons and one USM-285 Marshal Service Form for each named defendant. For example, if Plaintiff names two defendants, he must submit two completed summonses and two completed USM-285 forms, one for each defendant. Plaintiff must also submit sufficient copies of his amended complaint so that each named defendant may be served with a copy.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Within thirty (30) days of the entry of this Order, or by *July 13*, 2002, Plaintiff shall submit an amended complaint on the court-approved form. In his amended complaint, Plaintiff shall name as defendant(s) the individual(s) and/or the entity(ies) responsible for the alleged violation(s) of his civil rights and state how the named defendant(s) allegedly violated his civil rights. Plaintiff shall also identify appropriate relief.

2. By the above-referenced date, Plaintiff shall either pay the full $150 filing fee or submit a motion for leave to proceed *in forma pauperis* supported by the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint obtained from the appropriate official of each prison at which he is or was confined or show cause in writing for his failure to do so.

3. By the above-referenced date, Plaintiff shall complete and submit one summons and one USM-285 Marshal Service Form for each named defendant. Plaintiff must also submit

sufficient copies of his amended complaint so that each named defendant may be served with a copy.

4. The Clerk of Court is directed to send Plaintiff a blank motion for leave to proceed *in forma pauperis* (form ifp-cr.dis) and a blank civil rights complaint (form complain.cr), both identified as Case No. 02-CV-439-E; and five (5) blank summonses and five (5) blank USM-285 forms.

**Failure to comply with this order may result in the dismissal of this action without prejudice and without further notice.**

SO ORDERED THIS 12th day of June, 2002.

JAMES O. ELLISON, Senior Judge
UNITED STATES DISTRICT COURT